UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
CHS EUROPE S.A.,

                     Plaintiff,

      -against-

ATLANTIQUE GRAIN,

                    Defendant.
------------------------------------------------------------------x

09 Civ. 4851 (SHS)

ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/5/09

SIDNEY H. STEIN, U.S. District Judge.

      This action was commenced on May 22, 2009. One week later, this Court directed the Clerk of Court to issue process of maritime attachment and garnishment against defendant's funds in an amount up to $259,427.54. Certain funds were subsequently attached. The parties entered into settlement discussions, resulting in the release of all but $35,451, which currently remains under attachment. (Letter from James Kleiner Esq. to the Court (September 25, 2009) ("Kleiner Letter") at 1.) Although the underlying contract between the parties provides for arbitration in London of the merits of this dispute, that arbitration has not been commenced by either party. In addition, defendant has not appeared in this litigation. (Kleiner Letter at 2.)

      Plaintiff now seeks a default judgment in this litigation. As noted, the parties have agreed to arbitrate the merits of their dispute in London. Plaintiff, therefore, may commence the arbitration in London and seek to obtain an arbitral award in that forum, either on the merits or, if defendant does not appear in the arbitration, by default. Once plaintiff obtains that award, it may return to this Court to enforce that award against the attached funds. Plaintiff may not circumvent its contractually agreed upon dispute resolution mechanism—i.e., arbitration in London—by first obtaining a judgment by default here. See Med-Asia Shipping Ltd., v. Lianyungang Fareast International

Shipping, No. 07-Civ-386, 2008 WL 5517692 (S.D.N.Y Dec. 23, 2008); Rhonda Enterprises S.A. v. Projector S.A., No. 08 Civ. 5134, (S.D.N.Y. July 22, 2008) (order denying entry of default judgment); see also Bridge Oil Ltd., v. Emerald Reefer Lines, LLC, No. 06 Civ. 14226, 2008 WL 5560868 (S.D.N.Y. Oct. 27, 2008). Accordingly,

It is hereby ORDERED that:

1. Plaintiff's application for entry of a default judgment is denied;

2. If plaintiff intends to arbitrate this dispute, it shall commence arbitration in London on or before November 2, 2009 and notify the Court in writing that it has done so. If plaintiff decides not to commence arbitration, it shall so notify the Court, and the Court will vacate the order of attachment and discontinue this action.

Dated: New York, New York
October 2, 2009

SO ORDERED:

Sidney H. Stein, U.S.D.J.